| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 23-3186 |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the United States |
| | ) | District Court for the |
| v. | ) | Northern District of Illinois, |
| | ) | Eastern Division |
| DEVON FREEMAN, | ) | |
| | ) | No. 23 CR 158 |
| Defendant-Appellee. | ) | Honorable Judge Robert W. Gettleman |

**GOVERNMENT'S MOTION TO REMAND**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, moves for remand of this case, with instructions that the district court vacate the district court's judgment dismissing the 18 U.S.C. § 922(g)(1) count. In support thereof, the government states as follows:

### *Background*

1.     Defendant-appellee Freeman was charged on March 21, 2023, with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). R. 1.[1]

---

[1] Citations to the record in the district court are to "R." Citations to this Court's docket are to "Dkt."

2. On May 3, 2023, defendant moved to dismiss the indictment, arguing that § 922(g)(1) is unconstitutional on its face. R. 27. The district court denied defendant's motion on June 1, 2023. R. 30.

3. On June 30, 2023, defendant filed a motion to reconsider in light of this Court's ruling in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023).

4. On November 7, 2023, the district court granted the defendant's motion to reconsider and dismissed the indictment, finding that 18 U.S.C. § 922(g)(1) is unconstitutional on its face. R. 41. The Court did not address any as-applied challenge to 18 U.S.C. § 922(g)(1). *Id.*

5. On November 9, 2023, the government timely filed a notice of appeal of the district court's order dismissing the indictment in this case. R. 43.

6. On December 14, 2023, this Court ordered the consolidated appeal stayed and proceedings suspended pending its resolution of another case addressing whether § 922(g)(1) was consistent with the Second Amendment, *United States v. Prince*, No. 23-3155. Dkt. 8.

7. On April 2, 2026, this Court issued its decision in *United States v. Prince*, 171 F.4th 1009 (7th Cir. 2026), along with a companion decision in *United States v. Watson*, 171 F.4th 1012 (7th Cir. 2026). In *Prince*, the Seventh Circuit rejected a facial challenge to the constitutionality of § 922(g)(1). The

Court also upheld the statute as applied to individuals convicted of "dangerous" felonies, including armed robbery, aggravated battery (*Prince*), and possession with intent to distribute a controlled substance (*Watson*). The Court left open the question of whether Congress may deem non-violent felons dangerous. *Watson*, 171 F.4th at 1024-25.

8.    This Court has ordered the parties to file statements of position on or by May 18, 2026. Dkt. 10.

9.    The government files this motion for remand in lieu of a statement of position.

10.    The government has conferred with counsel for the defendant, who advises that the defendant opposes the relief sought herein.

### *Relief Requested*

11.    By this motion, the government requests that this Court enter an order remanding for further proceedings consistent with its decision in *Prince*, with instructions to vacate its judgment dismissing the indictment. R. 41.

### *Basis For Relief*

12.    In the district court's order, the district judge concluded that § 922(g)(1) is facially unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). R. 79. Specifically, the district court ruled

3

that "[T]his court is unable to uphold § 922(g)(1) as constitutional due to *Bruen*'s instruction that the government must provide evidence of a historical analogue that is both comparably justified and comparably burdensome of the right to keep and bear arms." R. 41.

13. The district court's ruling is foreclosed by this Court's recent decisions in *United States v. Prince*, 171 F.4th 1009 (7th Cir. 2026), and *United States v. Watson*, 171 F.4th 1012 (7th Cir. 2026). In those decisions, the Court held that § 922(g)(1) is facially constitutional, as it is consistent with the Nation's historical tradition of categorically disarming groups deemed dangerous and of imposing death penalty for violent felons. *United States v. Watson,* 171 F.4th 1012, 1018-24 (7th Cir. 2026); *see also United States v. Prince*, 171 F.4th 1009, 1012 (7th Cir. 2026) ("[T]he general validity of § 922(g)(1) has been established."). Based on these decisions, the district court's opinion must be vacated.

14. This Court's decisions in *Prince* and *Watson* did not resolve whether, and under what circumstances, an as-applied challenge to the constitutionality of § 922(g)(1) might be available. *See Watson*, 171 F.4th at 1025 ("We reserve ruling on an as-applied challenge to § 922(g)(1) under the Second Amendment by a felon whose predicate felony offense is not

'dangerous.'"); *Prince*, 171 F.4th 1011-12 ("As in *Watson*, we reserve decision on as-applied challenges by persons whose felony convictions do not suggest that firearms would be dangerous in their hands. Some courts of appeals allow such challenges; some do not; in this circuit the issue is open."). Should any as-applied challenges be permissible, the Court also left open what evidence district courts may consider when evaluating such challenges. *See Watson*, 171 F.4th at 1024 n. 8 ("It is not necessary to decide here whether a defendant's entire profile can or should be considered.").

### *Conclusion*

15.     For these reasons, the government respectfully requests this Court enter an order remanding the case, with instructions that the district court

vacate the judgment and vacate the original dismissal of the 18 U.S.C. § 922(g)(1) count.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:     */s/ Megan E. Donohue*
MEGAN E. DONOHUE
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street, Floor 5
Chicago, Illinois 60604
(312) 353-5300

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, I electronically filed the foregoing GOVERNMENT'S MOTION FOR REMAND with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Megan E. Donohue*
MEGAN E. DONOHUE
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street, Floor 5
Chicago, Illinois 60604
(312) 353-5300